**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ERIC HARRIS                                                                                                    PLAINTIFF

v.                                                          No. 4:09CV00390 JLH

JUDY W. MCDIVITT                                                                                       DEFENDANT

**OPINION AND ORDER**

Eric Harris brings this action *pro se* against Judy W. McDivitt for negligent driving. Specifically, Harris alleges in his complaint that McDivitt failed to yield to traffic and, as a result, drove her vehicle into the fender of Harris's car.  Harris seeks damages for the injuries he sustained as a result of the accident, including damages for medical care, pain and suffering, and loss of earnings.  Harris alleges that "[v]enue and jurisdiction are proper with this Court." However, this Court disagrees and finds that it lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

As a court of limited jurisdiction, this Court may hear only those cases that it has been authorized to hear by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Lockerty v. Phillips*, 319 U.S. 182, 187 (1943); *Williams v. Rogers*, 449 F.2d 513, 517-18 (8th Cir. 1971).  A federal court must dismiss a case whenever it becomes apparent that subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  "A court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject matter jurisdiction."  *Love v. Williford*, No. 4:07CV00723-WRW, 2007 WL 2819373, at *1 (E.D. Ark. Sept. 26, 2007)  (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).  Federal courts have original jurisdiction on one of two bases:

(1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A federal court has original jurisdiction under 28 U.S.C. § 1331 when the plaintiff's well-pleaded complaint presents a federal question on its face. *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). Federal questions are those that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). In this case, Harris fails to raise a federal question. Nowhere in his complaint does he mention any federal constitutional provision or statute that should govern the dispute. Rather, his claim is based on the common law claim of negligence, which is a matter of state law, not federal law. As a result, this Court lacks jurisdiction under 28 U.S.C. § 1331.

In the absence of federal question jurisdiction, a federal court may obtain jurisdiction only when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332. Harris's complaint does not state grounds upon which this Court has diversity jurisdiction. Harris alleges that he is a resident of Arkansas and that, at the time of the accident, the defendant was a resident of Arkansas. He never alleges that the defendant is a citizen of a state other than Arkansas or that his damages are in excess of $75,000. Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1332. For the reasons stated above, this Court lacks subject matter jurisdiction over this case, which belongs in the courts of the State of Arkansas, not federal court.

## CONCLUSION

For the reasons outlined above, Harris's claim against McDivitt is DISMISSED without prejudice.

IT IS SO ORDERED this 31st day of August, 2009.

                                                 J. LEON HOLMES  
                                                 UNITED STATES DISTRICT JUDGE